IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LAUREN NAYA,

   Plaintiff,

v.

CITATION COLLECTION SERVICES LLC,

   Defendant.

## NOTICE OF REMOVAL

Defendant Citation Collection Services LLC ("CCS") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

**1. Background**

Plaintiff Lauren Naya ("Naya") instituted this putative class action by filing a complaint in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida against CCS on February 28, 2022. On March 21, 2022, Naya filed her Amended Complaint. (Ex. 1). The Amended Complaint is also brought as a putative class action.

The Amended Complaint alleges Naya engaged in a "voluntary transaction" with the University of Miami "involving the parking of Plaintiff's vehicle." (*Id.* ¶ 11). The "voluntary transaction" was a parking citation. (Ex. 2, Compl., Ex. A). According to the Amended Complaint, CCS "began attempting to collect" the "debt"—that is, the money Naya owed for improperly parking her vehicle on University of Miami property—from Naya and sent a letter to Naya. (Ex. 1 ¶¶ 10, 23; Ex. 2, Compl., Ex. A). Naya alleges she paid the citation through an online payment portal. (Ex. 1 ¶¶ 32–33). Because she used the online payment portal, Naya was charged and paid a $3.95 convenience fee. (*Id.* ¶ 24). Naya could have avoided the convenience fee by sending her payment by mail or paying in person. (*Id.* ¶ 36).

1

Naya now asserts three counts against CCS. Count 1 alleges CCS violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692g(a)(3)–(5), by not providing adequate or accurate information as to the ability to dispute the amount owed. (*Id.* ¶¶ 57–61). Count 2 alleges CCS violated the FDCPA, specifically 15 U.S.C. §1692f, by charging and collecting a convenience in exchange for the service it provided to Naya by processing her online, electronic payment after when Naya voluntarily opted to pay her citation using an online, electronic method despite having available to her methods for paying that would not have incurred a convenience fee. (*Id.* ¶¶ 62–68). Count 3 alleges a claim for money had and received based on the theory that section 501.0117, Fla. Stat., did not allow CCS to charge a convenience fee and allowing CCS to retain the convenience would be "unfair." (*Id.* ¶¶ 69–79).

CCS was served with the summons and a copy of the Amended Complaint on March 24, 2022.[1] CCS now removes the action to this Court.

**2.    Jurisdiction Exists**

A civil action over which the district courts of the United States have original jurisdiction that is filed in state court may be removed by a defendant to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). This Court has original jurisdiction under 28 U.S.C. § 1331 because the face of the Amended Complaint shows that Naya asserts claims under a federal statute: the FDCPA. *See Shands Teaching Hosp. & Clinics, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 847 Fed. App'x 814, 815 (11th Cir. 2021) (explaining well-pleaded complaint rule for federal-question jurisdiction); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (stating a case "may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law" (citation omitted)).

This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 because the sole state-law claim forms a part of the same case and is based on the same underlying facts as

---

[1] A separate "service of process transmittal" indicates that service was made on April 5, 2022. (Ex. 3). Without agreeing that service was actually made on March 24, 2022, CCS is removing within the 30-day window from March 24, 2022, in order to avoid any argument that it waived its right to remove.

129290578.1

Naya's federal claims. And, in any event, an action that includes a claim arising under the laws of the United States and a claim not within the original or supplemental jurisdiction of a district court is still removable if, as here, the action would be removable without the inclusions of the claim not within the original or supplemental jurisdiction of a district court. 28 U.S.C. § 1441(c).

3. **Pleadings and Process**

As required by 28 U.S.C. § 1446(a), CCS attached copies of all state court process, pleadings, and orders served upon CCS to this notice. (Ex. 2).

4. **Notice Given**

Pursuant to 28 U.S.C. § 1446(d), CCS filed with the state court a notice of filing notice of removal on April 22, 2022. In addition, CCS served Naya a copy of the notice of filing notice of removal and this notice of removal itself on April 22, 2022.

5. **Removal Is Timely**

The return of service filed in the state court states CCS was served on March 24, 2022. Removal is therefore timely under 28 U.S.C. § 1446(b)(1) and § 1453(b) as this notice is being filed within 30 days of March 24, 2022.

6. **Venue Is Proper**

Venue is proper in the Southern District of Florida, Miami Division under 28 U.S.C. § 1441(a) because this Court embraces Miami-Dade County. (*See* S.D. Fla. Internal Operating Procedures § 2.01.01(d)). Venue is also proper in Miami-Dade County under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because a substantial part of the events giving rise to the claim occurred in Miami-Dade County and Miami-Dade County is where Plaintiff is, upon information and belief, domiciled.

Respectfully submitted,

/s/ *Kevin P. McCoy*
Kevin P. McCoy
Florida Bar No. 36225
David R. Wright
Florida Bar No. 119453
Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL  33607

        Tel: (813) 223-7000
        Fax: (813) 229-4133
        kmccoy@carltonfields.com
        dwright@carltonfields.com

        Aaron S. Weiss
        Florida Bar No. 48813
        Carlton Fields, P.A.
        700 NW 1st Ave, Ste. 1200
        Miami, FL 33136
        Tel: (305)-530-0050
        Fax: (305)-530-0055
        aweiss@carltonfields.com

        *Attorneys for Defendant Citation Collection Services LLC*

129290578.1