# EXHIBIT 1

### IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY

Case No. 2022-003795-CA-01

**LAUREN NAYA**,
*individually and on behalf of*
*those similarly situated,*

      Plaintiff,

v.

**CITATION COLLECTION SERVICES, LLC**,

      Defendant.
_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Lauren Naya ("Plaintiff"), individually and on behalf of those similarly situated, sues Defendant Citation Collection Services LLC ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

3. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

4. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

PAGE | **1** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

7. Defendant is an Indiana limited liability company, with its principal place of business located in Indianapolis, Indiana.

8. At all times material, Defendant was acting as a debt collector with respect to the collect of a debt allegedly owed by Plaintiff.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a voluntary transaction between the creditor of the Consumer Debt, the University of Miami, and Plaintiff involving the parking of Plaintiff's vehicle.

12. The Subject Service was primarily for personal, family, or household purposes.

13. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant is a business entity engaged in the business of collecting consumer debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

18. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

19. Defendant is a debt collector governed by the FDCPA.

20. Defendant is registered with the Florida Office of Financial Regulation as "Consumer Collection Agency" and Defendant's license number is CCA9901984

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. On a date better known by Defendant, sent a collection letter, internally dated January 2, 2022, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter"). Attached as Exhibit "A" is a copy of the Collection Letter.

24. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. The Collection Letter is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt.

26. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

27. In the Collection Letter, Defendant states, among other things, that

> UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (40) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (40) DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

*See* Exhibit A.

28. The Collection Letter falsely represents that Plaintiff can request validation of the Consumer Debt within 30-days *and* 40-days of receiving the Collection Letter.

29. The Collection Letter causes the least sophisticated consumer to falsely believe that he or she could exercise his or her right to dispute underlying debt, as empowered by 15 U.S.C. § 1692g(a)(3), if such a request is made within 40-days of receiving the Collection Letter.

30. The Collection Letter causes the least sophisticated consumer to falsely believe that he or she could exercise his or her right to request validation of the underlying debt, as empowered by 15 U.S.C. § 1692g(a)(4), if such a request is made within 40-days of receiving the Collection Letter.

31. Defendant did not adequately disclose and/or provide the information required by § 1692g(a)(3)-(5) of the FDCPA within the Collection Letter or otherwise within five days thereof.

PAGE | **4** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. Although Plaintiff disputes the Consumer Debt, Plaintiff paid the Consumer Debt through the Defendant's online payment portal on March 1, 2022.

33. Attached as Exhibit "B is a copy of the receipt of the payment made by Plaintiff on March 1, 2022 (the "Payment Receipt").

34. Defendant charged Plaintiff a convenience fee of $3.95 (the "Convenience Fee") to pay the Consumer Debt. *See* Payment Receipt.

35. Attached as Exhibit "C" a copy of the billing details requested by Defendant on its online payment portal ("Billing Details").

36. Defendant states in the Billing Details that "[a] convenience fee of $3.95 will be applied to your payment. **To avoid a convenience fee, you may also send a payment to our office by mail or pay your bill today in person.**" *See* Billing Details.

37. Defendant does not have any contractual right or authority to attempt to collect, or otherwise collect, the Convenience Fee from Plaintiff has part of the Consumer Debt.

38. Defendant does not have any statutory right or authority to attempt to collect, or otherwise collect, the Convenience Fee from Plaintiff has part of the Consumer Debt.

39. Defendant unlawfully collected the Convenience Fee from Plaintiff has part of the Consumer Debt.

40. The Convenience Fee is unlawful pursuant to Fla. Stat. § 501.0117(1).

41. The Convenience Fee Defendant assessed and/or otherwise collected from Plaintiff constitutes criminal misdemeanor in the second degree. *See* Fla. Stat. § 501.0117(1).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CLASS ALLEGATIONS

**PROPOSED CLASS**

42. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is comprised of *three* classes, *namely*, the "**G-Notice Class,**" the "**Convenience Fee Class,**" the "**Money Had and Received Class**."

43. The "**G-Notice Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] wherein Defendant falsely represents that a dispute of the underlying debt or a request for validation of the underlying debt, pursuant to § 1692g(a)(3)-(4), could be exercised by the least sophisticated consumer within forty days of the consumer receiving the underlying letter [5] during the twelve [12] months preceding the filing of this Class Action Complaint.

44. The "**Convenience Fee Class**" consists of [1] all persons with Florida addresses [2] who directly or indirectly paid the Convenience Fee [3] to Defendant, or to any third party demanded by Defendant [4] during the forty-eight [48] months preceding the filing of this class action complaint [5] whereby the money paid to Defendant was comprised of fees that Defendant could not lawfully collect.

45. The "**Money Had and Received Class**" consists of [1] all persons with Florida addresses [2] who directly or indirectly paid money [3] to Defendant, or to any third party demanded by Defendant [4] during the forty-eight [48] months preceding the filing of this class action complaint [5] whereby the money paid to Defendant was comprised of fees that Defendant could not lawfully collect.

46. Defendant and their employees or agents are excluded from the Class.

PAGE | **6** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. Plaintiff does not know the number of members in the Class but believes the members of each of the Class to be several thousand if not more.

**NUMEROSITY**

48. Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout Florida which violate § 1692g(a)(3)-(5) of the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

50. There are numerous questions of law and fact common to the G-Notice Class which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the G-Notice Class are: [1] whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; [2] whether Defendant is a debt collector under the FDCPA; [3] whether Defendant's conduct was knowing and willful; [4] whether Defendant is liable for damages, and the amount of such damages.

51. The principal legal issue for the Collection Fee Class and Money Had and Received Class is whether Defendant unlawfully, wrongfully and/or otherwise unjustly received money from class members that Defendant did not have any statutory or contractual right and/or authority to collect.

52. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers without

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

including the necessary disclosure required by the FDCPA is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

53. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

54. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

55. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

56. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

PAGE | **8** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e(2)(A) and § 1692g(a)(3)-(4)

57. Plaintiff, individually and on behalf of the G-Notice Class, incorporates by reference paragraphs 10-56 of this Class Action Complaint as though fully stated herein.

58. As set forth above, the Collection Letter was a communication Plaintiff received from Defendant in connection with the collection of a Consumer Debt. The Collection Letter, however, falsely represents, and otherwise fails to adequately notify, the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(3)-(4) of the FDCPA.

59. Here, the Collection Letter causes the least sophisticated consumer to falsely believe that he or she could exercise his or her right to dispute underlying debt, as empowered by 15 U.S.C. § 1692g(a)(3), if such a request is made within 40-days of receiving the Collection Letter. Further, the Collection Letter causes the least sophisticated consumer to falsely believe that he or she could exercise his or her right to request validation of the underlying debt, as empowered by 15 U.S.C. § 1692g(a)(4), if such a request is made within 40-days of receiving the Collection Letter.

60. Defendant violated § 1692g(a)(3)-(4) of the FDCPA by failing to adequately notify Plaintiff of the information and/or rights § 1692g(a)(3)-(5) in the Collection Letter. Further, Defendant violated § 1692e(2)(A) of the FDCPA by: [1] falsely representing that Plaintiff could dispute the Consumer Debt, pursuant to § 1692g(a)(3) of the FDCPA, within 40-days of receiving the Collection Letter; and [2] by falsely representing that Plaintiff could request validation of the Consumer Debt, pursuant to § 1692g(a)(4) of the FDCPA, within 40-days of receiving the Collection Letter.

61. WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2.
## VIOLATION OF 15 U.S.C. § 1692f(1)

62. On behalf of the Money Had and Received Class, Plaintiff incorporates by reference paragraphs 10-56 as though fully set forth herein.

63. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

64. Here, as stated above, there is no agreement that expressly authorizes Defendant to charge Plaintiff the Convenience Fee for paying with a credit card.

65. At all times material, Defendant did not have *any* statutory or contractual right and/or authority to charge Plaintiff the Convenience Fee for paying with a credit card through Defendant's online payment portal.

66. Nevertheless, Defendant collected the Convenience Fee from Plaintiff.

110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

67. As such, Defendant violated 15 U.S.C. § 1692f by charging Plaintiff the Convenience Fee for paying with a credit card through Defendant's online payment portal.

68. WHEREFORE, Plaintiff, individually and on behalf of the Money Had and Received Class, requests the Court enter judgment in favor of Plaintiff and the Money Had and Received Class and against Defendant for:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Actual damages as provided by 15 U.S.C. § 1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

(d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3.
## MONEY HAD AND RECEIVED

69. On behalf of the Money Had and Received Class, Plaintiff incorporates by reference paragraphs 10-56 as though fully set forth herein.

70. A claim for money had and received may be based upon any set of facts "which show that an injustice would occur if money were not refunded." Moore Handley, Inc. v. Major Realty Corp., 340 So.2d 1238, 1239 (Fla. 4th DCA 1976). *See also* Kelly v. Palmer, Reifler & Associates, PA, 681 F. Supp. 2d 1356 (S.D. Fla. 2010).

71. A claim for "money had and received cannot be denied merely because the plaintiff may have other remedies to recover its loss." 66 Am. Jur. 2d Restitution and Implied Contracts § 172 (2008).

72. Plaintiff paid money to Defendant for a debt allegedly which Defendant sought to collect from Plaintiff.

73. Defendant received the payment and did not return it to Plaintiff despite the fact the payment made to Defendant included amounts which Defendant did not have the legal authority

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to assess or otherwise collect from Plaintiff.

74. Fla. Stat. § 501.0117(1) states "[a] seller or lessor in a sales or lease transaction may not impose a surcharge on the buyer or lessee for electing to use a credit card in lieu of payment by cash, check, or similar means, if the seller or lessor accepts payment by credit card. A surcharge is any additional amount imposed at the time of a sale or lease transaction by the seller or lessor that increases the charge to the buyer or lessee for the privilege of using a credit card to make payment."

75. Fla. Stat. § 501.0117(2) states that "[a] person who violates the provisions of subsection (1) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."

76. Defendant clearly states in the Billing Details that "[a] convenience fee of $3.95 will be applied to your payment. **To avoid a convenience fee, you may also send a payment to our office by mail or pay your bill today in person.**" *See* Exhibit "C" (emphasis added).

77. Defendant received and did not return the money it unlawfully obtained.

78. The circumstances are such that it would be unfair for Defendant to retain the benefit its criminal activity. *See* Fla. Stat. § 501.0117(1). Therefore, all the money taken during the time frame relevant to this claim should be returned.

79. WHEREFORE, Plaintiff, individual and on behalf of the Money Had and Received Class, request that the Court enter judgment in favor of Plaintiff and the Money Had and Received Class and against Defendant for:

(a) Actual damages – for the total dollars unlawfully collected by Defendant from the members of the Money Had and Received Class over the class time period;

(b) An order instructing Defendant to disgorge their ill-gotten monies from the Money Had and Received Class members;

(c) Litigation expenses, attorneys' fees, and costs of the instant suit; and

(d) Such other or further relief as the Court deems proper.

Dated: March 21, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

*COUNSEL FOR PLAINTIFF*